```
                    UNITED STATES DISTRICT COURT FOR THE
                          DISTRICT OF NEW HAMPSHIRE
```

Sebastian Alvarado

    v.                                          Civil No. 06-cv-335-PB

State of New Hampshire

**REPORT AND RECOMMENDATION**

    Sebastian Alvarado has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (document nos. 1, 3-7 & 11-24)[1]. The matter is before me for preliminary review. See Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (requiring initial review to determine whether the petition is facially valid); United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing Magistrate Judge to preliminarily review pro se actions to determine whether or not the plaintiff has stated any claim upon which relief might be granted).  As discussed herein,

---

[1]Alvarado filed his initial petition (document no. 1) on September 5, 2006.  Since that time, he has filed numerous addenda to the petition (document nos. 3-7 & 11-24).  I will consider all of these documents, in the aggregate, to be the petition in this matter.

I find that the petition is not facially valid as it does not demonstrate exhaustion of the claims raised therein.

### Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review and to prepare a report and recommendation determining whether the complaint or any portion thereof should be dismissed because:

> (i) the allegation of poverty is untrue, the action is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief under 28 U.S.C. § 1915A(b); or
>
> (ii) it fails to establish subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

LR 4.3(d)(2). In conducting the preliminary review, the Court construes pro se pleadings liberally. See Ayala Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed

v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), cert. denied, Ahmed v. Greenwood, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions made by the petitioner and inferences reasonably drawn therefrom must be accepted as true. See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true). This review ensures that pro se pleadings are given fair and meaningful consideration. See Eveland v. Dir. of C.I.A., 843 F.2d 46, 49 (1st Cir. 1988).

## Background

In 1998, Alvarado stood accused of four felony charges in the New Hampshire Superior Court sitting in the Southern District of Hillsborough County. In February 1999, the Superior Court judge found that Alvarado was not competent to stand trial and released Alvarado on house arrest. Alvarado alleges that the judge later dismissed all of the charges against him. Alvarado claims that he was later reindicted on the same charges. Alvarado alleges that on December 8, 2000, he plead guilty to the

reinstated charges. Alvarado now alleges that his guilty plea was not knowingly and voluntarily entered.

Alvarado's petition is a disjointed series of written documents that, liberally construed, could be read to attempt the following claims[2] that his incarceration and sentence were not legally entered:

- Alvarado's second prosecution on the offenses in question violated his Fifth Amendment right not to twice be prosecuted for the same offense;[3]

- Alvarado's guilty plea was not knowingly, intelligently, and voluntarily made as petitioner was not competent to enter a guilty plea, and violated his Fourteenth Amendment due process rights;

- Alvarado did not receive the effective assistance of counsel as guaranteed by the Sixth Amendment.

---

[2] The claims as identified herein will be considered for all purposes to be the claims raised in the petition. If Alvarado objects to this identification of claims, he must do so by properly moving to amend his petition or by filing a proper objection to this Report and Recommendation.

[3] Alvarado first alleges that he was reindicted after the charges were dismissed pursuant to the Superior Court's finding that he was not competent to stand trial. Later, Alvarado states that the Superior Court judge found him not guilty by reason of insanity. Although those scenarios present very different questions in terms of evaluating the substance of a double jeopardy claim, the distinction is not relevant to my recommendation here, as I find that the entire petition should be dismissed for a failure to exhaust any of the claims discussed therein.

Alvarado does not indicate that he ever took steps to challenge his conviction and sentence in the state courts. Instead, Alvarado asks this Court to review the conduct of the trial court in his case in the period from 1998-2000 and, pursuant to that review, find that his present conviction and sentence are illegal.[4]

## Discussion

Under § 2254, federal courts are authorized to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." To be eligible for habeas relief, Alvarado must show that he is both in custody and has exhausted all state court remedies or that he is excused from exhausting those remedies because of an absence of available or effective state corrective process. See 28 U.S.C. § 2254(a) & (b); see also Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 489-92 (1973); Benson v. Super. Ct. Dep't of Trial Ct. of Mass.,

---

[4] In his pleadings, Alvarado has made a number of other requests. Specifically, Alvarado has sought assistance in obtaining witnesses, records, and transcripts in order to proceed with his claims before this Court. Because I recommend that this petition be denied as unexhausted, I deny these requests as moot.

5

663 F.2d 355, 358-59 (1st Cir. 1981).  Alvarado satisfies the first eligibility requirement as he is currently in custody, ostensibly pursuant to the sentence in question.  However, at this time, Alvarado has demonstrated neither that he has exhausted his state remedies, nor that effective state remedies are unavailable to him.

   A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's federal constitutional claims.  See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, Maloney v. Lanigan, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Picard v. Connor, 404 U.S. 270, 275 (1971) (requiring petitioner to have fairly presented the federal nature of his claims to the state courts to give them the first opportunity to remedy the claimed constitutional error).  Alvarado's assertions make it clear that he has not presented his federal due process, double jeopardy, or ineffective assistance of counsel claims to the New

Hampshire Supreme Court for consideration and thus has not given that Court the opportunity to rule on the issue.

### Conclusion

I find that Alvarado has failed to exhaust his state remedies. Accordingly, I recommend his petition be dismissed without prejudice to filing a petition for a writ of habeas corpus regarding these issues in the state trial and appellate courts.

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See <u>Unauth. Practice of Law Comm. v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

                                 /s/ James R. Muirhead
                                 James R. Muirhead
                                 United States Magistrate Judge

Date:   October 31, 2006

cc:   Sebastian Alvarado, pro se